UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE VOSS LAW FIRM, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-301 |
| | § | |
| RARE COIN WHOLESALERS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants Rare Coin Wholesalers, Inc., SL Contursi, Inc., Rare Coin Gallery ("SLCRCG"), and Steven Contursi's ("Contursi") Motion to Dismiss (Doc. 3), as well as Plaintiff The Voss Law Firm, P.C.'s ("Voss") response (Doc. 6). Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motion should be granted.

I. Background and Relevant Facts

This is a derivative action arising from the settlement of *Evans v. Rare Coin Wholesalers, et al.,* No. 4:09-cv-00259-RAS-DDB, Plaintiff's First Amended Complaint, Document 29, Eastern District of Texas, Sherman Division (the "Original Lawsuit"). The Original Lawsuit alleged that in 2004, Jerry Evans, Barbara Evans, and Dr. Jerry J. Evans, M.D.-P.C. (the "Evanses") began purchasing rare coins through Christian Briggs ("Briggs") for investment purposes, and that Briggs represented to the Evanses that there was no risk in buying the coins and that the coins would increase in value exponentially. *Id.,* at ¶¶ 12-14. Briggs also persuaded the Evanses to buy the "Million Dollar Coin" by claiming the coin would appreciate at a higher rate than the other coins. *Id.* The Evanses continued purchasing rare coins from Briggs until 2006, when they decided to sell their collection. *Id.*

Months later, after only a few coins were sold at a loss, the Evanses were told by the Cortursi defendants that they had taken over from the Briggs defendants direct responsibility as an agent on the Evanses' behalf. *Id.* at ¶¶ 15 and 16. The Evanses then instructed Contursi and SCLRCG to sell many of the gold coins they had sent to Briggs for sale. *Id.* at ¶ 17. Contursi and SLCRCG recommended that the Evanses keep the "Million Dollar Coin" because they claimed its value would increase at a rate of at least twenty percent per year. *Id.* Out of financial necessity, however, the Evanses later sold the "Million Dollar Coin" at auction for $600,000.00, sustaining a significant loss. *Id.* at ¶ 18.

In the lawsuit, filed April 30, 2009, the Evanses sued Contursi and SLCRCG for violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of warranty, unconscionability, breach of contract, conspiracy, fraud, negligent misrepresentation, breach of fiduciary duty, and collusion. *Id.* at ¶¶ 10-49. On August 12, 2010, SLCRCG agreed to pay the Evanses $250,000.00 in cash plus rare coins valued at $135,000.00 to settle the dispute. (Settlement Agreement, Doc. 3-1 at 8; Rare Coin Wholesalers receipt, Doc. 6-5.) The settlement agreement expressly states that no representations were made regarding the monetary value of the coin payment:

> It is specifically understood, represented and warranted by Plaintiffs that they have consulted Collector's Universe price guide, accessible through www.pcgs.com; that, based on such consultation, they agree that the monetary value of the Coin Payment is one hundred thirty five thousand dollars ($135,000.00); that neither Defendant nor any of the Released Parties have made any representations to Plaintiffs regarding the monetary value of the Coin Payment, or of any of the individual rare coins set forth in Exhibit "A"; that Plaintiffs have not relied on any coin-value representations from Defendant or the Released Parties in executing this Agreement;

(Settlement Agreement, Doc. 3-1 at 8, ¶ 1.2).

It appears that Voss, the Evanses' attorney in the Original Lawsuit, accepted the coins

from the Evanses in lieu of attorney's fees.  (Doc. 6 at 5, ¶ 8.)  Voss was not a party to the Original Lawsuit nor to the settlement agreement.  (Doc. 3.)  Voss now claims that SLCRCG tendered coins that had been materially altered, dyed, colored, and lasered.  (Doc. 1-2 at 4, ¶ 13.) Voss had the coins appraised at a value of $30,000.00 to $35,000.00.  (Doc. 6-6.)

On November 19, 2010, Voss filed suit against Rare Coin Wholesalers, Inc. and SLCRCG for breach of contract, fraud, detrimental reliance, and conversion in the 215th Judicial District Court of Harris County, Texas. (Doc. 1-2.)  On January 24, 2011, SLCRCG removed this action to federal court on the basis of diversity jurisdiction.  (Doc. 1.)  Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b) (1).  (Doc. 3.)

II. Standard of Review

Rule 12(b) (1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b) (1).  A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

III. Discussion

"The issue of standing is one of subject matter jurisdiction."  *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).  "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged

action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Voss is unable to satisfy the three elements of standing. First, Plaintiff Voss has not suffered an injury in fact. Voss contends that the coins it received were altered, dyed, colored, and lasered, thereby diminishing their value by $100,000.00. Assuming for the purposes of this analysis that the coins were altered, the settlement agreement expressly states that no representations were made regarding the monetary value of the coin payment. Second, Voss was not a party to the Original Lawsuit or the settlement agreement in that case. The underlying settlement agreement was made between Plaintiffs Jerry Evans, Barbara Evans, and Dr. Jerry J. Evans M.D.-P.C. and the Defendant SLCRCG. Third, a favorable decision from this Court cannot redress Plaintiff's injury. The language in the settlement agreement is unambiguous, and this Court therefore lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b) (1).

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants Rare Coin Wholesalers, Inc., SL Contursi, Inc., Rare Coin Gallery, and Steven Contursi's Motion to Dismiss (Doc. 3) is **GRANTED**.

SIGNED at Houston, Texas, this 18th day of July, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE